# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 21, 2008

132986-8 & (221)(223)(228)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

46TH CIRCUIT TRIAL COURT,
      Plaintiff, Counter-Defendant,
      Third-Party Defendant-Appellee,

v

COUNTY OF CRAWFORD and CRAWFORD
COUNTY BOARD OF COMMISSIONERS,
      Defendants, Counter-Plaintiffs,
      Third-Party Plaintiffs-Appellants,
and

KALKASKA COUNTY,
      Intervening Third-Party Plaintiff,
      Counter-Defendant-Appellant,
and

OTSEGO COUNTY,
      Third-Party Defendant.
_____/

SC: 132986, 132987, 132988
COA: 246823, 248593, 251390
Crawford CC: 02-005951-CZ

On order of the Court, the motions for leave to file briefs amicus curiae are GRANTED. The motion for immediate consideration is DENIED. The application for leave to appeal the December 21, 2006 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. A public question being involved, and in light of the relationships between the parties, no costs are awarded.

MARKMAN, J., concurs and states as follows:

The "inherent powers" doctrine provides trial courts with the authority to bring a funding claim against the legislative branch where "a statutory function, the overall operation of the court, or a constitutional function is in jeopardy." *Employees & Judge of the Second Judicial Dist Court v Hillsdale Co*, 423 Mich 705, 717-719 (1985). Bringing such a claim necessarily includes employing attorneys, and it is obvious that courts

themselves have no independent means of obtaining funds for this purpose. Therefore, counties are the only funding source available.

I write separately only to highlight this reality, while recognizing that the outcome in this case may appear anomalous or unfair to the taxpayers of defendant counties who now have to pay the costs of a lawsuit in which they have *prevailed*. However, once an "inherent powers" lawsuit has been initiated by a trial court, as occurred here, I do not see any alternative outcome.

Thus, it is to point out the obvious: where an "inherent powers" case looms imminent, it is incumbent upon the people themselves to urge upon their elected officials – both legislative and judicial – that they avoid litigation by making appropriate accommodations with each other. For if this fails, and if a lawsuit is initiated, whatever its eventual outcome, the taxpayers will be responsible for attorney fees on both sides. That is, in the context of an "inherent powers" dispute, there is simply no alternative to an assertion of direct self-government for avoiding a substantial attorney-fee burden upon the taxpayers. There is simply no alternative to the people communicating to their elected officials their views about whether litigation should be initiated by these officials ostensibly on their behalf.

The significance of this Court's decision in the underlying case, *46th Circuit Trial Court v Crawford Co*, 476 Mich 131, 149-150 (2006), is that a very high standard must be satisfied before a trial court can prevail in an "inherent powers" claim and compel additional funding by the county. Presumably, this standard will deter the filing of all but the most constitutionally compelling "inherent powers" lawsuits, those in which the court simply cannot perform its most essential judicial functions. *Id*. at 160.

While this new and stronger standard may be of modest consolation to the taxpayers in the three defendant counties, I believe this case, which restores proper constitutional standards, will help taxpayers in other counties to avoid a similar situation in the future.

KELLY, J., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 21, 2008

_Corbin R. Davis_
Clerk

d0318